Last revised: August 1, 2017

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In Re:  
SUSAN MAQUILING

Case No.: 17-26192

Judge: Meisel

Debtor(s)

### Chapter 13 Plan and Motions

☐ Original     ☒ Modified/Notice Required     Date: 10/11/2017

☐ Motions Included     ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☒ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: _____    Initial Debtor: _____    Initial Co-Debtor: _____

**Part 1:    Payment and Length of Plan**

a. The debtor shall pay $ __129.00__ per __month__ to the Chapter 13 Trustee, starting on __November 1, 2017__ for approximately __34__ months.

b. The debtor shall make plan payments to the Trustee from the following sources:

☒ Future earnings

☐ Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

☐ Sale of real property
Description:
Proposed date for completion: _____

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☒ Loan modification with respect to mortgage encumbering property:
Description: 137 Terhune Avenue, Jersey City, NJ 07305
Proposed date for completion: February 2017

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

2

**Part 2:    Adequate Protection ☐ NONE**

    a. Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

    b. Adequate protection payments will be made in the amount of $ ___1988.00___ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: Specialized Loan Servicing _____ (creditor).

**Part 3:    Priority Claims (Including Administrative Expenses)**

    a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ 1,000.00 |
| DOMESTIC SUPPORT OBLIGATION | N/A | N/A |
| Internal Revenue Service | 2016 Income Tax | $1543.60 |

    b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount: Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
|  | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. |  |  |

### Part 4:  Secured Claims

**a. Curing Default and Maintaining Payments on Principal Residence:** ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Specialized Loan Servicing LLC | Residence at: 137 Terhune Avenue, Jersey City, NJ 07305 | $337,900.024 | $0.00 | To be Cured through a loan modification | Adequate Protection Payments |

**b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**c. Secured claims excluded from 11 U.S.C. 506:** ☒ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☒ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☒ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan** ☒ **NONE**

The following secured claims are unaffected by the Plan:

**g. Secured Claims to be Paid in Full Through the Plan:** ☒ NONE

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
|  |  |  |

## Part 5: Unsecured Claims ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☐ Not less than _____ percent

☒ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

## Part 6: Executory Contracts and Unexpired Leases ☐ NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| Flora Villacillo | $0.00 | Residential Lease with Tenant | Debtor Assumes Lease | $500.00 |

6

**Part 7:    Motions ☒ NONE**

NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.

a. **Motion to Avoid Liens Under 11. U.S.C. Section 522(f).**  ☒ NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

b. **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☒ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☒ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### Part 8: Other Plan Provisions

**a. Vesting of Property of the Estate**

☒ Upon confirmation

☐ Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions
2) Administrative/Priority Claims
3) Secured Claims
4) Unsecured Claims

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

**Part 9: Modification** ☐ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: 08/09/2017

Explain below **why** the plan is being modified:
The plan is being modified to treat the mortgage in part 4, assume the lease with the tenant, and correct the months in the plan.

Explain below **how** the plan is being modified:
The plan is assuming the lease with the tenant, correcting the months in the plan, and treating the mortgage.

Are Schedules I and J being filed simultaneously with this Modified Plan?   ☐ Yes   ☒ No

**Part 10: Non-Standard Provision(s): Signatures Required**

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date: 10/11/17

Attorney for the Debtor

Date: 10/11/17

Debtor

Date: _____

Joint Debtor

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

Date: 10/11/17

_____
Attorney for the Debtor

I certify under penalty of perjury that the above is true.

Date: 10/14/17

_____
Debtor

Date: _____

_____
Joint Debtor

```
                          United States Bankruptcy Court
                                District of New Jersey
In re:                                                        Case No. 17-26192-SLM
Susan Maquiling                                               Chapter 13
         Debtor
                              CERTIFICATE OF NOTICE
District/off: 0312-2         User: admin                Page 1 of 2          Date Rcvd: Oct 13, 2017
                             Form ID: pdf901            Total Noticed: 29


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 15, 2017.
db             +Susan Maquiling,    137 Terhune Avenue, 1st Floor,    Jersey City, NJ 07305-2046
516994703      +Amex,   Correspondence,   Po Box 981540,   El Paso, TX 79998-1540
516994704      +BP Fisher Law Group LLC,    Jonathan F. Ball, Esq.,    923 Haddonfield Road, Suite 334,
                 Cherry Hill, NJ 08002-2752
516994709      +CVF Consumera Acquitistions Company,    300 Delaware Avenue, 9th Floor,
                 Wilmington, DE 19801-1607
517032032      +Christiana Trust, Trustee (See 410),    c/o Specialized Loan Servicing LLC,
                 8742 Lucent Blvd, Suite 300,    Highlands Ranch, Colorado 80129-2386
516994706      +Christina Trust/Wilmington Savings Fund,    RBSHD,    BP Fisher Law Group,
                 923 Haddonfield Road, Suite 334,    Cherry Hill, NJ 08002-2752
516994708      +Comcast of New Jersey,    PO Box 840,    Newark, NJ 07101-0840
516994710      +Debt Recovery Solution,    6800 Jericho Turnpike,    Suite 113E,    Syosset, NY 11791-4401
516994712      +Fusion Juicer,    SKO Brenner American Inc,    PO Box 230,    Farmingdale, NY 11735-0230
516994714      +HSBC/Orchard Bank,    PO Box 17298,    Baltimore, MD 21297-1298
516994720      +Jersey City MUA,    PO Box 57008,    Newark, NJ 07101-5708
516994719      +Jersey City MUA,    69 DeVoe Place,    Hackensack, NJ 07601-6105
516994723      +PSE&G,    Law Division,    80 Park Plaza,    T5D,    Newark, NJ 07102-4109
516994722      +PSE&G,    Bankruptcy Department,    PO Box 14444,    New Brunswick, NJ 08906-4444
516994724      +PSE&G,    PO Box 14444,    New Brunswick, NJ 08906-4444
516994725      +SKO Brenner American Inc,    40 Daniel Street,    Farmingdale, NY 11735-1308
516994727      +Specialized Loan Servicing LLC,    PO Box 636007,    Littleton, CO 80163-6007

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: usanj.njbankr@usdoj.gov Oct 13 2017 23:33:34      U.S. Attorney,    970 Broad St.,
                 Room 502,    Rodino Federal Bldg.,    Newark, NJ  07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Oct 13 2017 23:33:30      United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                 Newark, NJ 07102-5235
cr             +E-mail/PDF: gecsedi@recoverycorp.com Oct 13 2017 23:29:03
                 Synchrony Bank c/o PRA Receivables Management, LLC,    PO BOX 41021,    Norfolk, VA 23541-1021
516994705      +E-mail/Text: bankruptcy@cavps.com Oct 13 2017 23:34:03      Cavalry,    PO Box 520,
                 Valhalla, NY 10595-0520
516994707      +E-mail/Text: ned-collections_bankruptcydocuments@comcast.com Oct 13 2017 23:34:21
                 Comcast Cable,    2121 Kennedy Blvd,    Jersey City, NJ 07305-1595
516994713      +E-mail/PDF: gecsedi@recoverycorp.com Oct 13 2017 23:29:17      GE Money Bank,    PO Box 103104,
                 Roswell, GA 30076-9104
516994711       E-mail/Text: cio.bncmail@irs.gov Oct 13 2017 23:33:00      Department of the Treasury,
                 Internal Revenue Service,    PO Box 9052,    Andover, MA 01810
516994718      +E-mail/PDF: gecsedi@recoverycorp.com Oct 13 2017 23:29:17      JC Penney/Synchrony Bank,
                 Attn: Bankruptcy,    Po Box 956060,    Orlando, FL 32896-0001
516994721       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Oct 13 2017 23:35:25
                 Portfolio Recovery Associates LLC,    PO Box 12914,    Norfolk, VA 23541
516994726      +E-mail/Text: bankruptcy@sw-credit.com Oct 13 2017 23:33:35      Southwest Credit,
                 4120 International Pkwy Ste 1100,    Carrollton, TX 75007-1958
516995940      +E-mail/PDF: gecsedi@recoverycorp.com Oct 13 2017 23:29:17      Synchrony Bank,
                 c/o of PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
516994728      +E-mail/Text: bknotices@totalcardinc.com Oct 13 2017 23:33:36      Total Card Inc,    TCI,
                 5109 S. Broadband Lane,    Sioux Falls, SD 57108-2208
                                                                                              TOTAL: 12

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
516994717*    ++INTERNAL REVENUE SERVICE,    CENTRALIZED INSOLVENCY OPERATIONS,    PO BOX 7346,
                 PHILADELPHIA PA 19101-7346
               (address filed with court:   Internal Revenue Service,    Attorney General for the United States,
                 Constitution Avenue & 10th St NW,    Washington, DC 20530)
516994716*    ++INTERNAL REVENUE SERVICE,    CENTRALIZED INSOLVENCY OPERATIONS,    PO BOX 7346,
                 PHILADELPHIA PA 19101-7346
               (address filed with court:   Internal Revenue Service,    District Counsel,
                 One Newark Center Suite 1500,    Newark, NJ 07102)
516994715*     +Internal Revenue Service,    PO Box 7346,    Philadelphia, PA 19101-7346
516994729    ##+Verizon Fios,    PO Box 920041,    Dallas, TX 75392-0041
                                                                                             TOTALS: 0, * 3, ## 1

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.
```

```
District/off: 0312-2          User: admin              Page 2 of 2                Date Rcvd: Oct 13, 2017
                              Form ID: pdf901          Total Noticed: 29
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 15, 2017                                      Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 12, 2017 at the address(es) listed below:
              Denise E. Carlon    on behalf of Creditor    Christiana Trust, a division of Wilmington Savings
               Fund Society, FSB, not in its individual capacity, but solely as owner trustee on behalf of
               RBSHD 2013-1 Trust dcarlon@kmllawgroup.com,   bkgroup@kmllawgroup.com
              Marie-Ann Greenberg    magecf@magtrustee.com
              Nicholas Fitzgerald    on behalf of Debtor Susan  Maquiling nickfitz.law@gmail.com
              Sarah J. Crouch    on behalf of Debtor Susan  Maquiling nickfitz.law@gmail.com,
               nadiafinancial@gmail.com;fitzgeraldnj@stratusbk.com
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                         TOTAL: 5
```